IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

*The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.*

**Dated: April 25, 2013**

Randolph J. Haines

**Randolph J. Haines, Chief Bankruptcy Judge**

Larry P. Karandreas, Esq.
Bar No.: 012213
Law Offices of Larry P. Karandreas, P.L.L.C.
11024 North 28th Drive, Suite 200
Phoenix, Arizona 85029
623.487.1670
monesq@cox.net
Attorney for the Debtor/Plaintiff



IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Julieta A. Robles<br>***-**-6723<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No.: 2:10-bk-37549 PHX-RJH<br><br>Adv. No.: 2:13-ap-00111-RJH |
| Julietta A. Robles,<br><br>Plaintiff,<br><br>vs.<br><br>OneWest Bank, FSB as successor in interest and as conservator of IndyMac Federal Bank, F.S.B. the assignee and/or successor in interest to Solutions Funding Inc., and its successors, assigns and beneficiaries; ABC Bank 1-5; DEF LLC, 1-5; XYZ Trust 1-5.<br><br>Defendants. | **STIPULATED ORDER FOR AVOIDANCE OF DEED OF TRUST LIEN IN FAVOR OF ONE WEST BANK, FSB, ITS SUCCESSORS, ASSIGNS, AND BENEFICIARIES** |

This matter comes before the Court pursuant to the stipulation and agreement (the "Stipulation") between Julietta A. Robles (the "Debtor" and/or "Plaintiff") through her counsel the Law Offices of Larry P. Karandreas, P.L.L.C., and One West Bank, F.S.B., its assignees and/or successors in interest, ("Defendant") through its counsel, Leonard J. McDonald of Tiffany and Bosco, P.A. Through this Stipulated Order, Plaintiff and Defendant have agreed to the entry of an order avoiding the junior position deed of trust on the Plaintiff's residence located at 4436 E. Sharon Dr. Phoenix AZ 85032 . The entry of this order avoiding is subject to the terms and conditions stated herein. The signatories herein have apparent and actual authority to enter into this Stipulation on behalf of the Plaintiff and Defendant

respectively. The Plaintiff and Defendant have reached the agreement set forth herein for mutual consideration, and, in the respective judgment of the Plaintiff, for the benefit of the bankruptcy estate. In relation to this matter, the Court FINDS and CONCLUDES as follows:

## I. FINDINGS OF FACT

1. The Plaintiff filed a voluntary petition commencing a Chapter 13 proceeding on or about November 22, 2010 (the "Filing Date") and was assigned Case No. 2:10-bk-37549 PHX-RJH.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2)(A), (K) and (0).

3. Plaintiff is the owner of the real property located at 4436 E. Sharon Dr. Phoenix AZ 85032, (hereinafter referred to as the "Property" and/or the "Subject Property") which Property is the principal residence of the Debtor. The Property is legally described as:

> LOT FIFTY-FIVE (55), ROADRUNNER ESTATES EAST UNIT TWO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, IN BOOK 187 OF MAPS, PAGE 44.
>
> Parcel Number 167-10-011

4. The Property is currently encumbered by a first lien held by OneWest Bank, FSB, as successor in interest and as conservator of IndyMac Federal Bank, F.S.B., the assignee and/or successor in interest to Solutions Funding Inc. The secured interest is evidenced by a promissory note and secured by a Deed of Trust against the Property which was recorded on or about February 28, 2007 (the Note and Deed of Trusts are collectively referred to herein as the "Senior Mortgage Loan").

5. On or about February 28, 2007, the Plaintiff obtained a loan from Solutions Funding Inc. as evidenced by a Promissory Note secured by a Second-Position Deed of Trust on the Property which was recorded on or about February 28, 2007, Maricopa County Recorder file number 2007-0245062 in the amount of $64,000.00 (the Promissory Note and Deed of Trust are collectively referred to herein as the "Junior Mortgage Loan"). The Junior Mortgage Loan was subsequently assigned and is now currently owned by One West Bank, F.S.B./Defendant as owner and holder of the promissory note and Deed of Trust.

6. On January 31, 2013, the Debtor filed an Adversary Proceeding asserting that the debt owed to the holder of the Senior Mortgage Loan on the Property exceeds the value of the Property, and that the Junior Mortgage Loan now held by Defendant is therefore wholly unsecured. The Adversary Proceeding seeks to "strip-off" the Deed of Trust pursuant to 11 U.S.C. §506 and the holding of in ***In re Zimmer,*** 313 F.3rd 1220 (9th Cir. 2002).

## II. ORDER

Based on the foregoing, which is incorporated herein by reference, and the entire record before the Court, and good cause appearing, it is hereby **ORDERED** as follows. The Plaintiff and Defendant are sometimes referred to herein individually as "Party."

A. Unsecured Status. For purposes of Plaintiff's Chapter 13 Plan, the Second Deed of Trust held by Defendant is valued at zero, is therefore wholly unsecured, and shall not be enforced during these proceedings.

B. Avoidance of the Junior Mortgage. Upon successful completion of the Plan by the Plaintiff/Debtor and the entry of a discharge pursuant to 11 U.S.C. §1328, the Junior Mortgage Loan shall be avoided and shall be of no further force or effect. Such avoidance shall become immediately effective upon the entry of the discharge, but until such time, the Junior Mortgage Loan lien shall remain in full force and effect. Defendant shall, within 30 days after said discharge, record a reconveyance of its Second Deed of Trust against the Subject Property with the Maricopa County Recorder's Office.

C. Recordation of this Order. On the entry of discharge pursuant to 11 U.S.C. § 1328, the Junior Mortgage Loan Lien and Deed of Trust held by the Defendant shall be cancelled, voided, released, and shall be of no further force or effect. Such cancellation, voiding, and release shall become immediately effective upon the entry of discharge. Plaintiff/ Debtor, in her discretion, may record this order, and/or record this order along with a copy of the discharge order, with the appropriate county recorder's office to effectuate release of the Deed of Trust upon discharge. Such discretion, whether or not exercised by the Plaintiff/Debtor, shall not negate or otherwise alter the requirement that Defendant promptly record a reconveyance of the second Deed of Trust with the appropriate county recorder's office.

D. Effect of Conversion or Dismissal. In the event that this bankruptcy case is dismissed or converted to a proceeding under Chapter 7 prior to the entry of a discharge under 11 U.S.C. §1328, then the Junior Mortgage Loan shall remain in full force and effect and shall not be subject to avoidance.

E. General Unsecured Claim. Defendant shall have an allowed general unsecured nonpriority claim in the amount of $63,680.39 which represents the balance owed as of the filing date as set forth in the Defendant's Proof of Claim, claim number 16-1. In the event of any conflict or discrepancy between this Order and the Proof of Claim filed herein, the terms of this Order shall control.

F. Foreclosure of First Deed of Trust. In the event that the holder of the Senior Mortgage Loan forecloses its security interest against the Property and satisfies the first-position lien prior to completion of the Plan and receipt of a discharge under 11 U.S.C. §1328, the Junior Mortgage Loan lien shall attach to any surplus proceeds of such foreclosure sale for, and up, to the full amount due under the Property Note at the time of such sale.

G. Costs and Attorneys' Fees. Each Party shall bear its own costs and attorneys' fees incurred in connection with the "strip-off" provisions of the Plan.

H. Terms of the Plan. This order shall become part of Debtor's confirmed Chapter 13 Plan or any modification thereof.

I. Successors and Assigns. This order shall be binding on the Plaintiff and the Defendant, and its successors, assigns and beneficiaries.

---

ORDERED ACCORDINGLY

(Signed and Dated Above)

---

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| Law Offices of Larry P. Karandreas, P.L.L.C. | Tiffany & Bosco, P.A. |
| Larry P. Karandreas, Esq.<br>Attorney for Debtor/Plaintiff | Leonard J. McDonald, Esq.<br>Attorney for One West Bank, F.S.B./Defendant |